**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**[1] MIGUEL A. FIGUEROA-RODRIGUEZ,<br>[2] JOSE A. TORRES-NARVAEZ<br>[3] TAISHIA L. FIGUEROA-CRUZ**<br><br>Defendants. | Criminal No.: 23-427(MAJ) |

**UNITED STATES OF AMERICA'S MOTION FOR DETENTION
OF THE DEFENDANTS PENDING TRIAL**

For the reasons set forth below, the United States of America, through its undersigned counsel, respectfully submits that this Honorable Court should detain the Defendants pending trial.

**BACKGROUND**

On November 27, 2023, a Federal Grand Jury in the District of Puerto Rico, returned an Eighteen-Count indictment against [1] Miguel A. Figueroa-Rodriguez, [2] Jose A. Torres-Narvaez, and [3] Taishia L. Figueroa-Cruz, hereinafter the "defendants". Count One through Three charge the defendants with drug trafficking, specifically, Count One also charges 21 U.S.C. §846, that is, conspiracy to possess with the intent to distribute and/or distribute at least 400 grams or more of fentanyl, and 500 grams or more of cocaine. Counts Six and Eight charge the defendants with violating 18 U.S.C. § 924(c)(1)(B)(ii), possession of a machine gun in furtherance of a

drug crime. Counts Seven and Nine charge the defendants with possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Count Eleven of the indictment charges the defendants with violating 18 U.S.C. § 922(a)(1)(A), engaging in the business of dealing in firearms without a license. Counts Fourteen through Sixteen charges Miguel A. Figueroa-Rodriguez with violations of 18 U.S.C. § 922(g)(1), for possession of a firearm by a prohibited person. Count Seventeen charges the defendants with firearms trafficking in violation of 18 U.S.C. §933(a)(1).

As charged, Counts One and Two, carry a term of imprisonment of not less than 10 years or more than life. Counts Three and Five carry a term of imprisonment of not less than 5 years and not more than 40 years. Count Four carries a term of imprisonment of not more than 20 years. Counts Six and Eight carry a term of imprisonment of not less than 30 years, to be served consecutively with any other count of conviction. Counts Seven, Nine, and Ten, carry a term of imprisonment of not less than 5 years, to be served consecutively with any other count of conviction. Counts Eleven through Thirteen carry a term of imprisonment of up to 5 years. Counts Fourteen through Eighteen carry a term of imprisonment of not more than 15 years.

As to Counts One through Ten, the Defendants face a presumption that no conditions or combinations of conditions will reasonably assure their appearance or the safety of the community pursuant to 18 U.S.C. § 3142(e). As the Court knows, they may rebut that presumption, but as this motion will argue, they cannot.

## BAIL REFORM ACT

Under the Bail Reform Act, 18 U.S.C. § 3141, et seq. (the "BRA"), federal courts are empowered to order a defendant's detention pending trial upon a determination that the defendant is either a danger to the community or a risk of flight. 18 U.S.C. § 3142(e). A finding of dangerousness must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f) ("The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence."). A finding of risk of flight must be supported by a preponderance of the evidence. See *United States v. Patriarca*, 948 F.2d 789, 793 (1st Cir. 1991) (noting that preponderance of the evidence is required to establish "risk of flight").

The BRA lists four factors to be considered in the detention analysis: (1) the nature and circumstances of the crimes charged; (2) the history and characteristics of the defendant; (3) the seriousness of the danger posed by the defendant's release; and (4) the evidence of the defendant's guilt. 18 U.S.C. § 3142(g). Evidentiary rules do not apply at detention hearings and the government is entitled to present evidence by way of proffer, among other means. 18 U.S.C. § 3142(f)(2).

Further, under the BRA, where a defendant is charged with certain enumerated crimes, a presumption arises "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the

community." 18 U.S.C. § 3142(e)(3). The presumption is that the defendant both poses a risk of flight and is a danger to the community. *United States v. Jessup*, 757 F.2d 378, 384 (1st Cir. 1985). To rebut the presumption, the defendant must produce "some evidence" to the contrary, *United States v. O'Brien*, 895 F.2d 810, 815 (1st Cir. 1990) (internal citation omitted), in order to show that "what is true in general is not true in the particular case before [the Court]." *United States v. Perez–Franco*, 839 F.2d 867, 870 (1st Cir. 1988) (internal citation omitted). "The government retains the burden of proving that no conditions will reasonably assure the defendant's appearance." *O'Brien*, 895 F.2d at 815. Once the defendant has come forward with some evidence, the presumption remains a factor to be considered by the Court in determining whether the defendant should be detained prior to trial. *Id.* (internal citations omitted).

A.  **Statutory Presumption in Favor of Detention**

As mentioned above, the BRA sets forth a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of a defendant and the safety of the community if there is probable cause to believe that the defendant committed an offense for which he may receive a sentence of imprisonment for ten or more years pursuant to the Controlled Substance Act, 21 U.S.C. § 801, et seq., or if the defendant committed an offense under 18 U.S.C. § 924(c). See 18 U.S.C. § 3142(e)(3)(A) and (B); *United States v. English*, 629 F.3d 311, 322 (2d Cir. 2011) (noting that rebuttable presumption arises in cases under 18 U.S.C. § 924(c)); *United States v. Rodriguez-Adorno*, 606 F. Supp. 2d 232, 233 n.3 (D.P.R. 2009) (same). The

return of an indictment is sufficient to fulfill the probable cause requirement and invoke the presumption. *United States v. Vargas*, 804 F.2d 157, 163 (1st Cir. 1986).

Here, two presumptions are triggered against the defendants. The first presumption, pursuant to 18 U.S.C. §3142(e)(3)(A), is triggered by Counts One, Two, and Three. Counts One and Two carry a maximum term of imprisonment of life and Count Three carries a maximum term of imprisonment of 40 years. The second presumption, pursuant to 18 U.S.C. §3142(e)(3)(B), is triggered by Counts Six through Nine. In Counts Six through Nine, the defendants are charged with offenses under 18 U.S.C. §924(c). Therefore, it is presumed, under these two provisions of law, that no set of conditions will reasonably assure the appearance of these defendants at trial or the safety of the community pending trial.

**B.   The Defendants Are a Danger to the Community**

In addition to the above, the defendants pose a substantial danger to the community. Each defendant is a member of serious drug trafficking organization that deals in the distribution of controlled substances and automatic firearms. As discussed more specifically below, each of the relevant considerations under the BRA favors detention.

**Nature and Circumstances of the Crimes Charged**

The object of the conspiracy was the large-scale distribution of controlled substances and automatic firearms by Miguel Figueroa's DTO, housed at El Cerro Ward in Naranjito. The charged crimes are supported by the testimony of cooperating

witnesses, pictures, audio, video recordings, seizures of drugs, firearms and ammunition, among other evidence.

1. **Evidence of the Defendants' Guilt**

The evidence of the defendants' guilt is strong. The government intends to prove the defendants' guilt at trial through, among other things, by witnesses' testimony, corroborated by pictures, recordings, multiple seizures of drugs, firearms and ammunition, drug paraphernalia, communication devices, such as cellular phones, among other physical and documentary evidence.

2. **History and Characteristics of the Defendants**

The evidence will establish that the defendants have participated in the criminal conduct within the time frame of the conspiracy. This factor, once established at the bail hearing, will weigh in favor of detaining the defendants. Defendant [1] Miguel A. Figueroa-Rodriguez has at least two prior convictions relating to a serious drug felony and a serious violent felony. Defendant [2] Jose A. Torres-Narvaez has been previously arrested for drug related violations.

3. **Seriousness of Danger to the Community Posed by the Defendants' Release**

The seriousness of the danger posed by the defendants' release cannot be underestimated considering their affiliation with a serious drug trafficking organization, their involvement in the drug trafficking activities, including fentanyl[1,]

---

[1] "Fentanyl is a synthetic opioid that is up to 50 times stronger than heroin and 100 times stronger than morphine. It is a major contributor to fatal and nonfatal overdoses in the U.S."

as well as the possession of firearms in furtherance of those activities. The defendants were able to obtain numerous illegal weapons during the span of the conspiracy. They also had access to devices and individuals that had the knowledge to modify those weapons into even more dangerous fully automatic machineguns.



(Above: photograph of fully automatic firearm and approximately half a kilogram of fentanyl seized in August 2023).

---

https://www.cdc.gov/stopoverdose/fentanyl/index.html (last visited on 12/04/2023).





(Above: photograph of message offering to sell rifle; photographs of approximately 1 kilogram of cocaine and a fully automatic firearm seized in September 2023).



(Above: photographs of message offering to sell Glock firearm with extended magazine and rifle).





(Above: photograph of seized Glock firearm, an AR-Type Privately Made Firearm ("PMF"), and approximately 1/8th of a kilogram of a substance that tested positive to fentanyl).

## C.  The Defendants Are a Risk of Flight

In addition to being a danger to the community, if released, each defendant is a risk of flight. As per Count One of the Indictment, each defendant faces a minimum term of ten years of imprisonment up to a term of life. Moreover, the defendants face a 30 year mandatory minimum for possessing a machinegun in furtherance of a drug trafficking crime in Counts Six and Eight. These §924(c) violations are to be served

consecutively with any other count of conviction. Hence, the defendants, if convicted, are facing at least forty years of imprisonment as a minimum.

Therefore, the significant sentences faced by these defendants give them a substantial incentive to flee. See *United States v. Dodge*, 846 F. Supp. 181, 184-85 (D. Conn. 1994) (possibility of a "severe sentence" heightens the risk of flight).

## CONCLUSION

For the foregoing reasons, the government respectfully submits that "no condition or combination of conditions will reasonably assure [the defendants'] appearance . . . as required and the safety of the community," and that all defendants should be detained pending trial.   18 U.S.C. § 3142(e).

**WHEREFORE**, and in view of the foregoing, the United States of America respectfully prays that the District Court order the defendants detained pending trial.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 4th day of December 2023.

W. STEPHEN MULDROW
United States Attorney

*s/ Antonio J. López*
Antonio J. López-G03904
Assistant US Attorney
United States Attorney's Office
Torre Chardon, Suite 1201
350 Carlos Chardón Street
San Juan, Puerto Rico 00918
Tel: (787) 766-5656
Email: antonio.j.lopez@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the counsel(s) of record.

*s/ Antonio J. López*
Antonio J. López
Assistant US Attorney